| | |
|---|---|
| 1        UNITED STATES DISTRICT COURT | |
| 2        DISTRICT OF PUERTO RICO | |

```
 1                    UNITED STATES DISTRICT COURT
 2                     DISTRICT OF PUERTO RICO

 3   GASTRONOMICAL    WORKERS    UNION
 4   LOCAL 610 & METROPOLITAN HOTEL
 5   ASSOCIATION   HEALTH  &   WELFARE
 6   FUND, et al.,                          Civil No. 08-2288 (JAF)
 7
 8        Plaintiffs,

 9        v.

10   COOPERATIVA DE SEGUROS DE VIDA
11   DE PUERTO RICO,
12
13        Defendant.
```

14                          **<u>OPINION AND ORDER</u>**

15       Before the court is Defendant Cooperativa de Seguros de Vida de

16   Puerto Rico's motion for attorney's fees against Plaintiffs

17   Gastronomical Workers Union Local 610 & Metropolitan Hotel

18   Association Health & Welfare Fund ("the Fund") and Fund trustees

19   Edgar Romney and Desmond Massey.[1]  <u>Docket No. 34</u>.

20       Plaintiffs brought this action against Defendant on November 10,

21   2008, alleging that Defendant had violated the Employee Retirement

22   Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a) and (f), by

23   suspending Fund participants' health benefits after contract renewal

24   negotiations foundered. <u>Docket No. 1</u>. On the same day, Plaintiffs

---

[1] The factual background for this case is set forth in detail in our Opinion and Order dismissing the case, <u>Docket No. 25</u>. Because Defendant has provided no new evidence in its motion for attorney's fees, we rely on the facts alleged in Plaintiffs' complaint, <u>Docket No. 1</u>.

Civil No. 08-2288 (JAF)                                                    -2-

1    also sought a temporary restraining order enjoining Defendant from
2    suspending the benefits payments. Docket No. 2. On November 12, 2008,
3    we granted a ten-day temporary restraining order, Docket No. 7, and
4    on November 18, 2008, the parties stipulated to an extension of the
5    temporary restraining order through December 18, 2008, Docket No. 13.

6        On November 21, 2008, Defendant moved to dismiss, arguing that
7    we lacked jurisdiction because ERISA was preempted by Commonwealth
8    law and that, even if we had jurisdiction, Plaintiffs failed to state
9    a claim for ERISA equitable estoppel. Docket No. 15. Plaintiffs
10   opposed on November 28, 2008, Docket No. 17, and Defendant replied on
11   November 9, 2008, Docket No. 20. In the reply, Defendant for the
12   first time argued that we must dismiss Plaintiffs' ERISA breach of
13   fiduciary duty claim. Id. On December 15, 2008, we granted the motion
14   to dismiss in part and dismissed the equitable estoppel claim, and
15   ordered Plaintiffs to show cause why we should not also dismiss the
16   breach of fiduciary duty claim. Docket No. 25. On December 23, 2008,
17   Plaintiffs voluntarily dismissed the remaining claims. Docket No. 29.

18       On February 20, 2009, Defendant moved for attorney's fees under
19   Federal Rule of Civil Procedure 54 and 29 U.S.C. § 1132(g)(1).
20   Docket No. 34. Plaintiffs opposed on March 9, 2009, Docket No. 36,
21   and Defendant replied on March 20, 2009, Docket No. 39.

22       ERISA section 502 provides that, in our discretion, we "may
23   allow a reasonable attorney's fee and costs of action to either
24   party." 29 U.S.C. § 1132(g)(1). Although section 502 on its face

1    applies to "either party," the First Circuit has not yet held that a

2    prevailing defendant in an ERISA case may recover attorney's fees.

3    Other circuits have expressed the opinion that parties may not be

4    entitled to attorney's fees for defending ERISA claims. See Frosco v.

5    Pyramid Cos. III, 2 Fed. Appx. 121, 123 (2d Cir. 2001) (holding that

6    "a party who succeeds in defeating a claim that ERISA is applicable

7    is not entitled to attorneys' fees under ERISA for defending that

8    claim") (citing Trans World Airlines, Inc. v. Sinicropi, 84 F.3d 116,

9    116 (2d Cir. 1996) (per curiam)); see also Marquardt v. N. Am. Car

10   Corp., 652 F.2d 715, 720 (7th Cir. 1981) (holding that "refusal to

11   award attorneys' fees and costs to ERISA defendants, even

12   'prevailing' defendants, would rarely constitute an abuse of

13   discretion"); Carpenters S. Cal. Admin. Corp. v. Russell, 726 F.2d

14   1410, 1416 (9th Cir. 1984) (explaining that trustees of benefits

15   plans are more likely than defendants to recover attorney's fees).

16        In determining whether to award fees, we consider:

17                    (1) the degree of culpability or bad faith
18                    attributable to the losing party; (2) the depth
19                    of the losing party's pocket, i.e., his or her
20                    capacity to pay an award; (3) the extent (if at
21                    all) to which such an award would deter other
22                    persons acting under similar circumstances; (4)
23                    the benefit (if any) that the successful suit
24                    confers on plan participants or beneficiaries
25                    generally; and (5) the relative merit of the
26                    parties' positions.

27   Cottrill v. Sparrow, Johnson, & Ursillo, Inc., 100 F.3d 220, 225 (1st

28   Cir. 1996).

Civil No. 08-2288 (JAF)                                                    -4-

1        As to the first factor, Defendant argues that Plaintiffs were

2   culpable because (1) prior to the filing of the complaint, Defendant

3   made two contract renewal proposals that Plaintiffs rejected, and

4   (2) Plaintiffs misused the legal process by obtaining a temporary

5   restraining order. Docket No. 39. However, as we noted in our Opinion

6   and Order dismissing Plaintiff's complaint, Defendant did not conduct

7   the renewal negotiations admirably. See Docket No. 25. Although it

8   made two renewal proposals, those proposals contained substantial and

9   unexplained rate increases and Defendant did not provide Plaintiffs

10  with the information necessary to evaluate the proposals. See Docket

11  No. 1. Moreover, Plaintiffs' insistence in pursuing immediate relief

12  in the form of a temporary restraining order was compelled by its

13  urgent need to provide Fund members with health insurance.

14  Plaintiffs' legal tactics, while fruitless, were not frivolous.

15  Accordingly, we find that Plaintiff was not culpable.

16       Turning to the second factor, depth of the losing party's

17  pocket, we note that the Fund is a nonprofit organization that does

18  not have substantial funding at its disposal. Plaintiffs assert that

19  an attorney's fee award would be a hardship, as the Fund was forced

20  to incur significant expenses to obtain alternate insurance on short

21  notice, and Defendant does not contest this. Docket No. 36.

22  Therefore, we find that this factor, too, favors Plaintiffs. See

23  Janeiro v. Urological Surgery Prof'l Ass'n, 457 F.3d 130, 143-44 (1st

Civil No. 08-2288 (JAF)                                                      -5-

1    Cir. 2006) (affirming denial of attorney's fees against retirement
2    plan where "plan's assets were quite modest").

3        As to the third factor, deterrence, we find that both parties
4    played a role in the failure of the renegotiation. While granting
5    fees might deter benefit plans from tarrying too long in securing a
6    renewed contract, denying them may deter insurers from suddenly
7    terminating coverage without notice. See Cottrill, 100 F.3d at 227.
8    We, therefore, find that the deterrence factor does not point in
9    either direction.

10       Defendant argues that the fourth factor, benefit to participants
11   or beneficiaries, should not apply to this case since this claim was
12   filed by the Fund and its trustees, not by a participant or
13   beneficiary. Docket No. 39. However, ERISA was "designed to fashion
14   anodynes that protect the interests of the plan participants and
15   beneficiaries." Degnan v. Publicker Indus., 83 F.2d 27, 30 (1st Cir.
16   1996). We see no way that an award of attorney's fees could benefit
17   participants or beneficiaries, and such an award would certainly harm
18   the Fund by taking thousands of dollars from the funding reserve upon
19   which the participants rely. Therefore, this factor is at best
20   neutral, and at worst, weighs against Defendant.

21       Finally, as to the relative merits of parties' positions in the
22   underlying suit, we agree with Defendant that it prevailed on the
23   merit of the estoppel claim (although it failed in its argument that
24   ERISA is preempted by Puerto Rico law). See Docket No. 39. This

Civil No. 08-2288 (JAF)                                                    -6-

1    factor weighs in favor of a grant of attorney's fees, although we

2    emphasize that we do not find Plaintiffs' position to be frivolous or

3    wholly unsupported.

4         In sum, even if we found it generally appropriate to grant

5    attorney's fees to a prevailing defendant in an ERISA case, Defendant

6    is not entitled to fees in this case. Plaintiff was not culpable and

7    does not have deep pockets, and an award of fees would not benefit

8    the plan's participants or beneficiaries, either directly or

9    indirectly.

10        In accordance with the foregoing, we hereby **DENY** Defendant's

11   motion for attorney's fees, <u>Docket No.34</u>.

12        **IT IS SO ORDERED.**

13        San Juan, Puerto Rico, this 3rd day of April, 2009.

14                                    s/José Antonio Fusté
15                                    JOSE ANTONIO FUSTE
16                                    Chief U.S. District Judge